■ WALTER SIGN CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41572.) — *Per Curiam.* The claim is barred by virtue of the provision of the contract that "the final payment shall constitute and operate as a release"; as this was the effect of the receipt and collection by the surety company, the holder of an assignment of moneys due and to become due, of the State's check for the "final payment", the surety being a person "claiming by or through" the contractor, within the meaning of the contract. (*Brandt Corp.* v. *City of New York*, 14 N Y 2d 217; and see *Buffalo Elec. Co.* v. *State of New York*, 14 N Y 2d 453.) The motion to dismiss should, therefore, have been granted. Indeed, claimant did not oppose the motion nor did it respond to this appeal. Order reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of ALTON C. BEATTY, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— *Per Curiam.* Although two prior hearings, at one of which petitioner's witnesses were present, had been adjourned for the convenience of the police officer, the Referee denied petitioner's request for an adjournment to enable him to produce witnesses as to his sobriety. The statute required that the officer have "reasonable grounds to believe [petitioner] to have been driving in an intoxicated condition" (Vehicle and Traffic Law, § 1194, subd. 1); and petitioner desired to produce witnesses to prove that he had drunk but a very small amount of beer, but the Referee considered that "Whether [the officer] had reasonable grounds or not would not depend on what Mr. Beatty had been doing * * * before he left his residence [but] on what the police officer observed". The Referee thus overlooked the possibility that the witnesses might have convinced her as to petitioner's sobriety in which event it would have become very difficult for her to continue to give credence to the officer's testimony as to petitioner's gait and speech, as she apparently did when denying the adjournment; and, of course, if the officer was not truthful as to his observation of petitioner, the element of "reasonable grounds" was not proven. The Referee's action, under all the circumstances, was arbitrary. We do not, of course, reach the merits. Determination annulled, with $75 costs, and matter remitted for further proceedings. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ In the Matter of SOLOMON HALIO, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Determination confirmed and petition dismissed, without costs (*Matter of Robinson* v. *Board of Regents*, 4 A D 2d 359). Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of SHEILA SANDLER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* What constitutes good cause within subdivision 1 of section 593 of the Labor Law regarding disqualification for unemployment compensation in cases of voluntary separation is a question of fact (*Matter of Sperling* [*Catherwood*], 20 A D 2d 584). The resolution of factual issues is within the province of the board if supported by substantial evidence (Labor Law, § 623; *Matter of Jacobson* [*Catherwood*], 20 A D 2d 733). On the present record we are without authority to disturb the board's determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.